# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| **NATIONAL LABOR RELATIONS BOARD**, *et al.*,<br><br>*Appellants,*<br><br>v.<br><br>**CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA**, *et al.*,<br><br>*Appellees.* | Case No. 24-40331<br><br>On appeal from Civil Case No. 6:23-cv-00553-JCB (Eastern District of Texas, Tyler Division) |

## UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL

Pursuant to Federal Rule of Appellate Procedure 42(b) and Fifth Circuit Rule 42.1, Appellants, the National Labor Relations Board, *et al.* (collectively, the Board), respectfully move to withdraw the appeal filed in this Court on May 7, 2024, and to have this case voluntarily dismissed with each party to bear its own costs. The Board has consulted with Appellees, the Chamber of Commerce of the United States of America, *et al.*, and no party opposes the relief requested in this motion.

The Board shows as follows:

1

1. This appeal concerns an Opinion and Order issued by the United States District Court for the Eastern District of Texas on March 8, 2024, *Chamber of Commerce v. NLRB*, 2024 WL 1203056, --- F. Supp. 3d --- (Mar. 18, 2024), vacating a final rule issued by the Board on October 27, 2023, entitled *Standard for Determining Joint Employer Status*, 88 Fed. Reg. 73,946 (2023 Joint Employer Rule).

2. The district court's opinion rejected the Board's contention that the United States circuit courts of appeals have original jurisdiction over Board rulemaking under Section 10(f) of the National Labor Relations Act, 29 U.S.C. §160(f), held that the Board's 2023 Joint Employer Rule was arbitrary and capricious based on its interpretation of a particular subsection—subsection (e)—of the standard that the Board proposed to codify at 29 C.F.R. § 103.40, and concluded that the Board had not independently justified within its severability analysis its decision to repeal the prior, extant joint employer rule, set forth at *Joint Employer Status Under the National Labor Relations Act*, 85 Fed. Reg. 11,184 (Feb. 26, 2020).

3. On May 7, 2024, the Board filed a notice of appeal of the district court's decision. At the time, two other cases involving the Board's rulemaking were pending in other federal courts: *Service Employees International Union v. NLRB*, D.D.C. Case No. 21-cv-02443 (complaint filed Sept. 17, 2021) ("*SEIU I*" – challenging the Board's 2020 Joint Employer Rule), and *Service Employees*

*International Union v. NLRB*, D.C. Circuit Case No. 23-1309 (petition for review filed Nov. 6, 2023) ("*SEIU II*" – challenging aspects of the Board's 2023 Joint Employer Rule). Because those cases raise jurisdictional and substantive issues similar to the instant case, the Board was keenly interested in receiving wisdom from multiple courts to help resolve the complex matters underlying this rulemaking. *See Gorss Motels, Inc. v. FCC*, 20 F.4th 87, 97 (2d Cir. 2021) (noting the value of "inter-circuit dialogue" on significant legal issues). This Court might have benefited from the D.C. Circuit's views, given that it decided the leading cases both on jurisdiction, *American Federation of Labor & Congress of Industrial Organizations v. NLRB*, 57 F.4th 1023 (D.C. Cir. 2023), and on modern joint employer doctrine, *Browning-Ferris Industries of California, Inc. v. NLRB*, 911 F.3d 1195 (D.C. Cir. 2018), *supplemental decision sub. nom. Sanitary Truck Drivers & Helpers Local 350 v. NLRB*, 45 F.4th 38 (D.C. Cir. 2022). Shortly before filing this notice of appeal, on April 30, 2024, *SEIU I* was stayed by the D.C. District Court, and since the filing of this notice of appeal, *SEIU II* has been placed in abeyance by the D.C. Circuit.

4. The Board remains of the opinion that its 2023 Rule meets the procedural and substantive requirements of the Administrative Procedure Act and the National Labor Relations Act. Given the litigation posture of the Rule, however, the Board would like the opportunity to further consider the issues identified in the district court's opinion in the first instance. In addition to the district court opinion,

3

the Board has several rulemaking petitions on its docket regarding the joint employer issue raising similar issues. Thus, the Board seeks voluntary dismissal of its notice of appeal under Federal Rule of Appellate Procedure 42 and Fifth Circuit Rule 42.1, to allow it to consider options for addressing the outstanding joint employer matters before it.

Respectfully submitted,

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*
(No official bar number in Maryland)
Tel: (202) 273-2938
kevin.flanagan@nlrb.gov

/s/ Christine Flack
CHRISTINE FLACK
*Supervisory Attorney*
(No official bar number in Maryland)
Tel: (202) 273-2842
Fax: (202) 273-4244
christine.flack@nlrb.gov

TYLER WIESE
*Senior Attorney*
Minnesota Bar No. 0329601
Tel: (952) 703-2891
tyler.wiese@nlrb.gov

NATIONAL LABOR RELATIONS BOARD
Contempt, Compliance, and Special
   Litigation Branch
1015 Half St., SE
Washington, DC 20003
Fax: (202) 273-4244

Dated: July 19, 2024          *Attorneys for NLRB*

**CERTIFICATE OF SERVICE**

I certify that on July 19, 2024, I filed the foregoing Unopposed Motion with this Court using the CM/ECF filing system, causing a copy to be served on the ECF Filers electronically by the Notice of Docket activity.

/s/ Christine Flack
Christine Flack

Dated: July 19, 2024

**CERTIFICATE OF COMPLIANCE**

I certify as follows. In accordance with Federal Rule of Appellate Procedure 27(d)(2)(A), the foregoing Unopposed Motion for Voluntary Dismissal contains 644 words, excluding the caption page and signature blocks, as counted by counsel's word processing system, and thus complies with the word limit. Further, this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 and size 14 Times New Roman font. The Motion additionally complies with the Fifth Circuit's ECF Filing Standard A(6) because no privacy redactions were necessary, no paper copies are required, and the document has been scanned for viruses with the most recent version of a commercial virus scanning program and, according to the program scan, is free of viruses.

/s/ Christine Flack<br>Christine Flack

Dated: July 19, 2024